IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

PATTIE A. MAYETTE,

        Plaintiff,

    v.                                Civil Action No.
                                          7:16-CV-1297 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| CONBOY, McKAY, BACHMAN & KENDALL, LLP<br>407 Sherman Street<br>Watertown, NY 13601 | LAWRENCE HASSELER, ESQ. |
| FOR DEFENDANT: | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | JUNE L. BYUN, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on June 1, 2017, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

Dated: June 2, 2017
Syracuse, NY

**David E. Peebles**
**U.S. Magistrate Judge**

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
PATTIE A. MAYETTE,

                              Plaintiff,

vs.                           7:16-CV-1297

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------x

    Transcript of a Decision held during a

Telephone Conference on June 1, 2017, at the James

Hanley Federal Building, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

United States Magistrate Judge, Presiding.


                    A P P E A R A N C E S

                       (By Telephone)

For Plaintiff:        CONBOY, McKAY LAW FIRM
                      Attorneys at Law
                      307 State Street
                      Carthage, New York  13619
                        BY:  LAWRENCE D. HASSELER, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of Regional Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York  10278
                        BY:  JUNE L. BYUN, ESQ.


         *Jodi L. Hibbard, RPR, CSR, CRR*
       *Official United States Court Reporter*
              *100 South Clinton Street*
            *Syracuse, New York  13261-7367*
                    *(315) 234-8547*

1  (In Chambers, Counsel present by telephone.)

2  THE COURT: All right, thank you, I'll have to let
3  that be the last word. I have before me a request for
4  judicial review of an adverse determination by the Acting
5  Commissioner pursuant to 42 United States Code Section 405(g)
6  and 1383(c)(3).

7  The background is as follows: Plaintiff was born
8  in February of 1961, is currently 56 years old, she was 50
9  years old at the time of the alleged onset of her disability
10 as amended. She stands 5 foot 2 inches, weighs 172 pounds.
11 She lives with her daughter in a third floor apartment. She
12 has a high school degree and underwent a BOCES office
13 technology course. She possesses a driver's license but has
14 not driven in quite some time. Plaintiff last worked in
15 February of 2012. Her past work experiences include as a
16 cashier in a store, as a Dairy Queen counter person, and a
17 receiving clerk in a hardware store. Her work history is
18 included at page 207 of the administrative transcript.

19 Medically, plaintiff suffered a blackout in
20 December of 2011, since then has complained of headaches,
21 blackouts, and dizziness. She has treated at Fletcher Allen
22 in Burlington, Vermont, with Dr. Robert Shapiro and Nurse
23 Practitioner Sandra McGrath beginning in November of 2012.
24 There have been several objective tests over time with no
25 abnormal findings. She has been prescribed Topamax and

1  Depakote. I'll note that the records from Massena Memorial
2  Hospital that are found at 3F show significant testing with
3  very little, if any, findings. Normal EEG at 283,
4  unremarkable CT scan of the head at 285, a CT unremarkable,
5  CT of the head again at 362, a brain MRI at 407 which
6  revealed only mild left spheroid sinusitis with no other
7  abnormality, a CT scan at 414 and again at 429, unremarkable.
8  The plaintiff has been prescribed Topamax and Depakote for
9  her headaches.
10           She also suffers from rheumatoid arthritis. It has
11  been described as mild and early at 693, 599, and 590. It
12  appears to have improved after being treated with
13  methotrexate, and also Prednisone. She is treated for that
14  condition by Dr. Jianghong Yu; suffers from asthma and COPD,
15  has been treated by Dr. Vineet Bansal. It was noted in that
16  doctor's records that she smoked two packs per day until
17  February 2013 against medical advice. She has a nebulizer
18  and is also treated with Albuterol.
19           She also suffers from degenerative disk disease,
20  cervical and lumbar, diabetes, shoulder pain, hand and wrist
21  pain, and ankle sprain, and she was a frequenter, at least
22  for a time, at the Massena Memorial Hospital emergency room
23  where she sought treatment for those conditions.
24           Procedurally, she applied for Title II and Title
25  XVI benefits on May 21, 2013, alleging an onset date of

1  February 14, 2012, that was later amended to November 2,
2  2012.  A hearing was conducted by Administrative Law Judge
3  Robert Gale on December 18, 2014.  Judge Gale issued a
4  decision on March 30, 2015.  That decision, which was adverse
5  to the plaintiff, became a final determination of the agency
6  when the Social Security Administration Appeals Council
7  denied plaintiff's request for review on August 29, 2016.
8             In his decision, Administrative Law Judge Gale
9  applied the well-known five-step sequential test for
10 determining disability, at step one finding that plaintiff
11 did not engage in substantial gainful activity after her
12 amended onset date; at step two, concluded that plaintiff
13 suffers from severe conditions including rheumatoid
14 arthritis, history of syncopal attacks, migraine headaches,
15 degenerative disk disease of the cervical and lumbar spine,
16 and Chronic Obstructive Pulmonary Disease, or COPD.  At step
17 three, ALJ Gale found that plaintiff's conditions do not meet
18 or medically equal any of the listed presumptively disabling
19 conditions set forth in the Commissioner's regulations.
20            After surveying the medical evidence and other
21 available evidence in the record, ALJ Gale concluded that
22 plaintiff retains the residual functional capacity or RFC to
23 perform light work, because she is able to lift, carry, push,
24 and/or pull 20 pounds occasionally and 10 pounds frequently.
25 He went on to provide that the claimant is able to stand

and/or walk for 30 minutes at a time and for six hours total in an eight-hour workday, claimant is able to sit for 30 minutes at a time, and for six hours in an eight-hour workday.  Although the claimant is unable to climb ladders, ropes, and scaffolds, she is able to rarely crawl and occasionally kneel, stoop, and crouch.  The claimant is able to occasionally reach.  Additionally, the claimant is able to tolerate no more than moderate exposure to bright flashing lights and respiratory irritants such as fumes, odors, dust, and gases, but she must avoid workplace hazards such as unprotected heights and moving mechanical parts.

At step four, the ALJ concluded that plaintiff is unable to perform any of her past relevant work positions, and turning to step five, after noting that if the medical vocational guidelines were applied, a finding of no disability would be directed, concluded that a vocational expert's testimony was required in order to address the nonexertional limitations found.

After considering the vocational expert's testimony, ALJ Gale concluded that plaintiff is able to perform the functions of a shipping and receiving weigher and as a counter clerk, and is therefore not disabled.

As you know, my task is limited.  I must determine whether correct legal principles were applied and substantial evidence supports the determination.  The -- my decision must

1  give substantial deference to the Commissioner's
2  determination.
3        The first issue is treating physician.  Obviously
4  treating physicians' opinions are normally controlling, and
5  if they are not controlling -- they are not controlling if
6  they are not consistent with other substantial evidence.  If
7  the opinions are rejected as not controlling, the
8  administrative law judge is directed by regulation to
9  consider factors and assign a weight to be given to the
10  opinion, considering the length of the treatment relationship
11  and the frequency of examination, the nature and extent of
12  the treatment relationship, the degree to which the medical
13  source has supported his or her opinion, the degree of
14  consistency between the opinion and the record as a whole,
15  whether the opinion is given by a specialist, and other
16  evidence which may be brought to the attention of the ALJ.
17        The -- my experience has been that rarely, if ever,
18  does an administrative law judge faithfully go through those
19  factors one by one.  The Second Circuit has said that the ALJ
20  need not slavishly recite each of the factors and analyze
21  them so long as the determination allows for meaningful
22  judicial review.
23        In this case, what were rejected were opinions from
24  Dr. Shapiro and Nurse Practitioner McGrath.  They were
25  rejected as being inconsistent with treatment notes.  I've

19

1      reviewed those treatment notes and agree with the
2      administrative law judge.  They're also internally
3      inconsistent.  I know that Mr. Hasseler argued otherwise, but
4      it's very clear that these opinions, which are rendered four
5      months apart, differ in that one states that there is no
6      limitation related to a medical -- mental impairment, that's
7      at 656, and yet at 659, in May of 2014, the doctor and nurse
8      practitioner find that the plaintiff is very limited in
9      mental function in several areas, and they are inconsistent
10     internally.  They're also check-the-box forms which case law
11     suggests are not as meaningful as opinions that are stated
12     and supported.  There's little explanation for the opinions
13     given.  As I already referenced, there are normal CT, MRI,
14     and EEG findings.  They are also inconsistent with
15     Dr. Lorensen and Dr. Marasigan's opinions which can
16     constitute substantial evidence.  I note that page 621 and
17     665 in the treatment notes, Dr. Shapiro opines that plaintiff
18     is disabled and obviously that's a matter that's reserved to
19     the Commissioner.
20             As to the weight, again, there's no need to
21     slavishly recite factors, there's no explanation given for
22     the mental limitations, no explanation given for the
23     limitation on the ability to use hands, and to sit.  The
24     error -- I'm not convinced that Dr. Lorensen's misstatement
25     is meaningful.  She performed an evaluation, she interviewed

1  the plaintiff, performed an examination, and gave opinions.

2  In terms of RFC, plaintiff bears the burden under *Poupore* of establishing the limitations associated with her medical conditions. In this case the RFC draws support from Dr. Lorensen's opinions and Dr. Marasigan's. In arriving at the RFC, again the ALJ also discussed the unremarkable test results, the treatment notes, the fact that Dr. Yu shows that her arthritis is mild and well controlled, and also the conservative treatment that plaintiff has undergone and her positive response to the medications, including Depakote and Topamax.

12  In terms of credibility, the plaintiff -- the ALJ applied the two-step, the proper two-step analysis at 17 through 19 of the administrative transcript. Pain complaints are belied by Dr. Yu's reports. In terms of dizziness, Dr. Lorensen did not report anything of concern in that area. The treatment notes of Dr. Shapiro and Nurse Practitioner McGrath often provide indication of normal motor exams. The subjective -- the plaintiff's claims really are primarily based on subjective complaints, not supported by objective evidence.

22  The ALJ did consider plaintiff's work history, and -- but felt it was overcome by the various other factors including conservative treatment that she underwent.

25  At step five, I've indicated the RFC is supported,

1   the hypothetical that was given to the vocational expert
2   approximated the -- closely approximated the RFC and the
3   vocational expert's testimony provided substantial evidence
4   of plaintiff's ability to perform available work in the
5   national and local economy, so I will grant judgment on the
6   pleadings to the defendant, dismiss plaintiff's complaint.
7            Thank you both for excellent presentations, I hope
8   you have a good day.
9            MR. HASSELER:  Thank you, your Honor.
10           MS. BYUN:  Thank you, your Honor.
11               (Proceedings Adjourned, 10:10 a.m.)

1    CERTIFICATE OF OFFICIAL REPORTER

2

3

4    I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5    Official Realtime Court Reporter, in and for the

6    United States District Court for the Northern

7    District of New York, DO HEREBY CERTIFY that

8    pursuant to Section 753, Title 28, United States

9    Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16              Dated this 1st day of June, 2017.

17

18

19              /S/ JODI L. HIBBARD

20              JODI L. HIBBARD, RPR, CRR, CSR
                Official U.S. Court Reporter

21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547